### Austin and others *v*. Dickey

<hr>

Defendant, in a judgment creditor's suit, must reply to questions touching property on a reference to appoint a receiver, notwithstanding he has filed a full answer.

<hr>

*Feb.* 11,
1840.

*Practice.*
*Debtor and*
*creditor.*
*Receiver.*

Bill by judgment creditors. The defendant had put in a full answer ; and the time for filing exceptions was passed. Before the answer had been filed, an order for a receiver was entered ; and the defendant had been partly examined before the master on this order touching his property. The examination was continued after the answer had been put in. He objected, by advice of counsel, to reply to the following questions :

"Had you in your possession, at the time of the filing of this bill, any of the property or the avails thereof which you owned at the time you suspended payment?

"Did you not, on or about the twenty-eighth day of February, 1837, when largely indebted to the complainants in this suit and to other creditors, execute and deliver to your father R. D. sundry voluntary conveyances of undivided moieties of certain real estate in the city of New-York, then owned by you, expressing the consideration in each of the said conveyances to be ten dollars or some other small sum, when, in truth and in fact, no such consideration was intended to be paid or received and the same, as so expressed, was grossly beneath the value of your interest in the said real estate?"

A motion was now made for an attachment to compel answers to these questions.

Mr. *Nicoll*, for the motion.

Mr. *Sandford*, for the defendant.

THE VICE CHANCELLOR:—The practice which has been adopted in suits upon judgment creditor's bills is anomalous in several particulars; and, though it may seem strange that a defendant, who has answered the bill and denied that he has any property, may still be examined in a master's office touching property to be delivered to a receiver, the established practice authorizes an examination even in such a case: as is shown by the Chancellor in *Gihon* v. *Albert*, 7 Paige's C. R. 280.

Notwithstanding the defendant may have answered the bill in the usual manner, I am bound to say that he must also submit to an examination in the master's office. Such examination, however, must be restricted and kept within the rule laid down by the Chancellor in *Fitzhugh* v. *Everingham*, 6 Paige's C. R. 30, 31.

The point then is, whether the questions propounded to the defendant and held to be proper by the master, but which he refused to answer, are within that rule? I am of opinion they are fairly within the scope of it as preliminary to other questions which must necessarily follow, provided the defen-

dant answers these in the affirmative. If he should answer in the negative, no harm will be done by the questions ; and if he cannot but answer affirmatively, the complainants are still entitled to his answers, with a view to other questions touching his possession and control of the property at the time of filing the bill, within the rule of *Fitzhugh* v. *Everingham*, and which questions the master will see are kept within the scope and object of that rule.

Order, that the defendant appear before the master and answer the questions upon a re-summons or that an attachment issue against him ; and he is to pay the costs of this motion.